Whyte, J.
delivered the opinion of the court.
The bill of exceptions contains the grounds upon which the new trial was moved for, and the error assigned, is, that the judgment of the court was- erroneous in not granting it. These grounds are two, and are set forth in the affidavits of Halloway and Boyte. The one is, that Lackman, one of the jurors who sat upon the trial, observed, that he, Lackman, had put up a stake as to the result of the verdict to be rendered in the case, and that he believed the said defendant was not apprised of that fact previous to the trial of the cause. The making a bet or wager upon the result of the trial of a cause depending in court, and afterwards sitting as one of the jurors on the trial, is a gross immorality, corrupting the course of justice, and deserves the severest reprehension. But to render this ground available for the purpose of setting the verdict aside, and granting a new trial, it ought to appear that the party injured by it, the defendant, could not avail himself of it as a matter of challenge, for if he could have shown it for challenge, the law will not permit him to lie by, take the chance of a verdict in his favor, and if adverse, bring forward his exception, waived at the proper time of making it, and claim a further benefit. It is true Lackman swears that he believes the defendant did not know of this transac *114 tion, of his betting before the trial; but this court cannot this, inasmuch, that if it is true, there is better evidence in the power of the defendant to show it, that is himself, and since he is silent upon the occasion, the testimony of Lackman is inferior evidence and must be rejected. There is no error in the circuit court refusing to grant a new trial on this ground.
The other ground for granting a new trial, set forth in the affidavits of Holloway and Boyte, is, that after the jury had retired to their room, one of the jury stated to the rest of the jury, which they regarded as evidence, that the- defendant had stolen a hog in the county; and made other statements from what he had heard, and verified before them, which was not given in evidence upon the trial, and which was a strong inducement, and partly the cause of their giving a verdict against said defendant. This ground is of a very different character from the other; the defendant could not have any knowledge of it before the trial, to use it as a cause of challenge, for it had not then any existence, and the first and earliest opportunity afforded by the legal course of proceeding was the application for a new trial. Although the act of this juror in making these statements, and that of the others in being at all influenced by them, was very irregular, improper and contrary to law; and although it does not appear on the face of the affidavits, that any malice or ill design actuated the relator of these matters, to make the disclosure stated in them; and it might have proceeded from ignorance, and even a belief, that in conscience he was bound to tell all he knew or heard about the defendant; yet be this as it may, their evident tendency was to injure most seriously the defendant, and the affidavits show this result; for they state that the rest of the jury regarded them as evidence, and was a strong inducement, and partly the cause of their finding a verdict against the defendant.
*115 This verdict is too palpably vicious to require the citing authorities to prove that it ought not to stand. What the juror knew of the defendant ought to have been proposed and offered in court, and if admissible there rendered, to be observed upon by the defendant’s counsel. The contrary course that has taken place in this cause, is directly against and repugnant to the constitution of this State. That says, article 11, section 9: “That in all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, and to meet the witnesses face to face.
The remaining question regards the admissibility of these affidavits of Halloway and Boyte, to present a legal view of the facts contained in them to the court, as authorizing it to act upon their relevancy or their irrelevancy in granting a new trial, the deponents being two of the jurors who sat upon the trial.
This question came before, this court some years ago at Nashville, in the case of Crawford against the State, on an indictment for murder, in which the plaintiff in error, Crawford, had been convicted of murder in the circuit court, committed on his wife, for which he had judgment of death then rendered against him. On a motion for a new trial founded on the affidavits of two of the jurors who sat on the trial, and rendered the verdict of guilty, it appeared in substance, (for I cannot be particular after such a lapse of time,) that the jury were divided, and so very decidedly in opinion, that after sufficient time and trial, an unanimous verdict was altogether despaired of. It was a very busy season of the year, and the pressing interest of the greater part, if not of the whole jury, required their presence at home on their plantations, where they were very much needed. They became uneasy and restless to get clear of the case, and be discharged from it; it was proposed by one or more very respectable and influential members of the jury, that as they could not agree, they should render a *116 ver(^ct °f guilty? accompanied with an unanimous recommendation to mercy; and it was -affirmed by these members, in whose judgments great confidence was placed, that this measure would obviate and avoid the consequence of the verdict of guilty, for this reason, that the unanimous recommendation of the trial jury to pardon, had always been respected and successful. This belief prevailed, and was the ground on which the verdict was rendered, and that the minority would not have agreed to a verdict of guilty, but for this belief, that their unanimous recommendation would be effectual for the purpose intended. The case was examined by the supreme court with much care and the authorities cited. The court decided, that the affidavits of the two jurors were admissible to show the facts, and that the facts authorized the judgment and verdict so rendered to be set aside; and a new trial was granted. Upon the second trial, Crawford was discharged of the murder.
Wolfe, for plaintiff in error.
.Bradford, Attorney General for the State.
The verdict and judgment thereon in the present case, will be set aside and a new trial had therein.
Decree affirmed.